No. 11.—DAVENPORT EVANS, plaintiff in error, *vs.* JAMES AD-
AMS, defendant in error.

[1.] A writ of error will not lie to the judgment of the Court granting a
rule *nisi* for a new trial ; such judgment not being final.

Motion to dismiss the writ of error. The facts are suffi-
ciently embodied in the opinion of the Court.

GOODE, for the motion.

O. C. GIBSON, contra.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This is a writ of error, sued out to the judgment of the
Court below, in granting a rule *nisi*, for a new trial, in a cause
pending between the plaintiff in error and defendant.

The question is, will a writ of error lie before there has been
a *final* adjudication by the Court, on the grounds taken in the
rule *nisi?* We are clearly of the opinion that it will not. The
*final* judgment of the Court, on the hearing of the rule *nisi*, may
be in favor of the plaintiff in error, and then he will not be *in-
jured.* The granting the rule *nisi*, is the mode by which the
Court is to hear and determine the questions involved in it.
We shall not *anticipate* that the Court will decide those ques-
tions erroneously. In *Carter vs. Buchanan*, (2 *Kelly*, 339,) we
held, that there must be a decision, sentence, judgment, or de-
cree, and that, *quoad* the subject matter of it, must not be *in-
choate* or *interlocutory*, but *final*. In two other cases, not yet
reported, we have held the same doctrine.

The writ of error in this case was *prematurely* sued out, and
must therefore be dismissed.